UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN WESLEY MAY, JR.,

    Plaintiff,

    v.                                      CASE NO.  8:16-cv-1968-T-23MAP

CHECKERS, WINTER HAVEN POLICE
DEPARTMENT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The Plaintiff, who is proceeding *pro se* in this §1983 action, seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (docs. 1, 2).  Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted.  A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Id.*

Plaintiff alleges in his complaint that he was arrested for trespass and misuse of the 911emergency system after he placed a 911 call to complain about the absence of his

apple pie from his fast food order. He alleges that his 911 call and his photo were broadcast on news channels across the nation, and demands that "in order for me to try and get some peac [sic] of this hole [sic] think I'm asking between Winter Haven Police Department and Checkers" damages in the amount of $1,000,000.00. Plaintiff's handwritten two-page complaint does not indicate a basis for this Court's jurisdiction over this dispute. Attached to it is another handwritten document titled "Part of Civil Cover Sheet" that vaguely alleges Plaintiff's rights were violated based on racial discrimination and 42 U.S.C. § 1983 for "deprivation of right."

Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of this section "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). Thus, § 1983 does not create new substantive rights, but only provides a vehicle for vindicating federal rights elsewhere conferred. Neither the complaint nor the attachment set forth factual allegations setting forth what federal right(s) were allegedly violated as required by § 1983.

Plaintiff's claims are, moreover, frivolous. A claim is considered frivolous if it "is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and quotations omitted). While mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, leave to amend is not required by Rule 15 of the Federal Rules of Civil Procedure "where amendment would be futile." *Bryant*

*v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).   Accordingly, it is

RECOMMENDED:

1. That Plaintiff's request to proceed *in forma pauperis* be DENIED and Plaintiff's complaint be DISMISSED.

IT IS SO REPORTED at Tampa, Florida on July 20, 2016.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).